**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

SHAKA WILLIAMS,

                                                   Plaintiff,                    8:17-CV-1138
     v.                                                                    (CFH)

JEROME J. RICHARDS, Judge; JAMES J.
MINDELL, Assistant Attorney General;
JOHN W. HALLETT, Attorney;
ERIC T. SCHNEIDERMAN, Attorney General,

                                                   Defendants.

_____

**APPEARANCES**

Shaka D. Williams
15-B-1631
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411
Plaintiff pro se

**CHRISTIAN F. HUMMEL,
U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**

**I.  In Forma Pauperis**

      Plaintiff pro se Shaka D. Williams commenced this action On October 13, 2017 with the filing of a complaint, Dkt. No. 1 ("Compl.") and, in lieu of this Court's filing fee, submitted a motion to proceed In Forma Pauperis ("IFP").  Dkt. No. 2.  Also on October 13, this Court directed administrative closure with opportunity to comply with the filing fee requirement.  Dkt. No. 3.  On October 20, 2017, plaintiff filed an inmate authorization form, Dkt. No. 4, and the Court reopened the case.  Upon review of

plaintiff's IFP application, Dkt. Nos. 2, 4, the Court determines that plaintiff may properly proceed IFP.[1]

## II. Initial Review

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

### B. Complaint

Plaintiff, purporting to commence this action pursuant to 42 U.S.C. § 1983, alleges that defendants have violated Article I, Section 10, Clause 1 of the Constitution of the United States of America by "attempting to enforce a contract on plaintiff and incarcerating plaintiff without obtaining jurisdiction."  Compl. at 6.  Plaintiff contends that he was "involuntarily and against his will brought to St. Lawrence County Court, at the request for an Order by Eric T. Schneiderman, Attorney General, via James J. Mindell, Assistant Attorney General, said Order given by Jerome J. Richards, Judge, to be

---

[1] Plaintiff may still be required to pay any fees and costs he may incur relating to this action.

arraigned on an Indictment/Presentment-/Offer to Contract." Id. at 8.  Plaintiff stated that, upon arrival to the courthouse, he was "seen by an attorney," and he informed the attorney that he "do [sic] not consent to these procedures, not do [sic] he grant power of attorney to him . . . that he is not to speak for him or on his behalf and is without permission to represent him nor do [sic] he want him to." Id. at 9.[2]

Plaintiff further contends that he was brought before Judge Richards, and stated that "he was not Shaka Williams, the fictitious entity (ens legis) and that he is making a special visitation to deny jurisdiction of the court, that he makes a reservation for all rights and he do [sic] not want to do business with the court or enter into any contract with the court." Id.  Plaintiff expressed that he did not understand the charges brought against him and did not wish to enter a plea. Id.  Plaintiff refused to accept a copy of the "Indictment/Presentment/Offer" from Assistant Attorney General Mindell and "verbally declin[ed] the offer to contract and do business with him." Id. at 10.  Judge Richards "ordered plaintiff remanded without bail" and entered a not guilty plea "on behalf of the plaintiff without his consent." Id.  Judge Richards ordered plaintiff's fingerprints and photographs to be taken, "and instructed the officers to use force if necessary[.]" Id.

Plaintiff further alleges that he was again brought before Judge Richards on July 13, 2017 "to be arraigned for the same offer the plaintiff previous [sic] denied on June 10, 2017." Id. at 10.  John W. Hallet, Esq. was assigned by the Court to represent

---

[2] NY DOCCS Lookup provides that plaintiff is currently in custody at Orleans Correctional Facility on a parole violation.  See http://nysdoccslookup.doccs.ny.gov (last visited Jan. 11, 2018).  He is scheduled for a parole hearing this month.

3

plaintiff.  Id.  Plaintiff informed the Mr. Hallet that he did "not consent to representation by Mr. Hallett, Attorney" and informed him that "anything he say [sic] or do [sic] is without his consent pertinent to plaintiff and is on his own accord and not on behalf of plaintiff and plaintiff do [sic] not give power of attorney to Hallet for any of his affairs."  Id.  Mr. Hallet informed the St. Lawrence County Court that plaintiff pleaded "not guilty."  Id.  "Thereafter, plaintiff informed the court that he did not give consent for John W. Hallett to have power of attorney or the liberty to speak for him, and furthermore, the plaintiff do [sic] not plea at all or do [sic] he want to do business with the court.  Plaintiff demanded that the charges be dismissed."  Id. at 11.  Plaintiff alleges that Judge Richards ignored his statements and again remanded him to jail.  Id.

　　　Plaintiff was next brought before Judge Richards on September 15, 2017.  Compl. at 13.  Plaintiff contended that the Judge, Mr. Hallett, and/or Eric T. Schneiderman "refuse to rescind their offer, Judge Richards refuse to dismiss the offer even after petitioner demand the dismissal on all Court dates where he refuse to contract and grant them jurisdiction."  Id.  Judge Richards told plaintiff that he had three options: retain his own counsel, have Mr. Hallet represent him, or proceed pro se.  Id.  Plaintiff "declined" "all offers," "demanded a dismissal and demanded the Judge to stop bringing him here by Ordering agency(ies) of the government to bring e against my will."  Id.  Plaintiff contends that his "life is in danger every time he is forced to court against his will, shall he refuse, government agency(ies) will use physical force that can cause grave injury to the plaintiff."  Id.

　　　Plaintiff requests that the Court (1) "[p]ermanently enjoin the defendants, their

4

agents, assistants, successors, employees and persons acting in concert or cooperation with them from further violating the rights guaranteed by United States Constitution, Article 1, Section 10"; (2) "[t]he Court receive evidence at a hearing, to determine, whether plaintiff's constitutional rights has [sic] been violated and or that defendant violated the constitution [sic] rights in their individual and or their official capacity [sic], and declare that constitutional standards shall be employed to protect plaintiff's rights"; (3) "[t]hat the Court issue a judgment declaring that plaintiff have a right to contract or not to contract"; (4) "the Court issue a preliminary injunction, and upon final hearing, a permanent mandatory injunction, directing defendants from further seizing plaintiff without his consent, forcing him to the St. Lawrence County Court in an attempt to enforce an adhesive contract on him" (5) [t]hat the Court enter a judgment granting to plaintiff compensatory damages from each defendant in their individual capacity in the sum of $25,000.00 for violating rights guaranteed by U.S. Const. Art. 1 Sec. 10"; (6) "[t]hat the Court enter a judgment granting to plaintiff punitive damages in the sum of $100,000.00 for the malicious and willful misconduct by each defendant"; and (7) [t]hat the Court enter a judgment granting to plaintiff costs, fees, and expenses of this action; [a]nd for such other relief as this Court may deem just and proper." Id. at 14-15.

## C. Analysis

An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws

of the federal government.  42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).[3]

The Supreme Court in Heck v. Humphry has directed

> when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been evaluated.

Jenkins v. Haubert, 179 F.3d 19, 23 (2d Cir. 1999).  The fact that plaintiff is seeking, in part, injunctive and declaratory relief, does not require a different finding.  See Loyd v. Cuomo, 8:14-CV-829 (GLS/CFH), 2015 WL 3637409, at *2 (N.D.N.Y. June 10, 2015)[4] ("[T]he Supreme Court has explained that the Heck rule applies 'no matter the relief sought (damages or equitable relief).'") (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) and citing Caswell v. Green, 424 F. App'x 44, 45 (2d Cir. 2011) (summary order).

Here, plaintiff's claims are barred by Heck v. Humphry.  Plaintiff indicates that he has been indicted; however, he does not demonstrate whether he has been tried or convicted, and if so, whether that conviction has been overturned.  It appears that plaintiff is currently in custody for a parole violation and is scheduled for a parole hearing this month.  See DOCCS Lookup (available at

---

[3]  Plaintiff's writ for habeas corpus relief was denied by this Court with prejudice on September 29, 2017. Williams v. State of New York, 9:17-CV-848 (GLS/CFH), Dkt. No. 27 (N.D.N.Y. Sept. 29, 2017).

[4]  Unpublished cases cited within this Report-Recommendation and Order have been provided to plaintiff pro se.

http://nysdoccslookup.doccs.ny.gov (last visited Jan. 11, 2018)).  It is not entirely clear whether plaintiff's parole violation is the basis of the appearances he references before St. Lawrence County Court; however, it appears the criminal indictment he references is related to a separate criminal matter.

As indicated above, plaintiff filed a petition for habeas corpus in this Court on August 3, 2017.  See Williams v. State of New York, 9:17-CV-848 (GLS/CFH).  The contents of plaintiff's habeas corpus petition are nearly identical to those claims plaintiff attempts to raise in this section 1983 petition – as it involves the same underlying incarceration and appearances before St. Lawrence County Court – except in the habeas petition, plaintiff based his claims under the Uniform Commercial Code, rather than Article I, section 10 of the Constitution.  See id.  Also in his habeas petition, plaintiff demanded release from pre-trial custody due to allegations that the "St. Lawrence County Court lacks jurisdiction over him due to his status as a secured creditor."  Dkt. No. 8 at 4.  On September 26, 2017, this Court dismissed plaintiff's petition for habeas corpus *with prejudice*, noting that "[e]ven if petitioner may properly seek habeas relief pursuant to 26 U.S.C. § 2241 under these circumstances, his arguments do not remotely suggest an entitlement to such relief, and the Court concludes that they are patently frivolous.  Nothing in the UCC permits a prisoner to obtain release from state custody."  Id.  Thus it appears that plaintiff's attempts to bring this action under section 1983 alleging violations of the Contracts Clause is another attempt at having his habeas claims assessed – essentially an attempt to have another bite at the apple.

7

In light of plaintiff's pro se status, an opportunity to amend generally would be recommended prior to outright dismissal. However, in this instance, Heck bars any of these claims unless or until plaintiff's indictment is invalidated, or, if plaintiff's current incarceration relates to the revocation of parole, the invalidation or reversal of that revocation. Based on what the undersigned can gather from plaintiff's complaint, along with plaintiff's earlier-filed habeas corpus petition (Williams v. State of New York, 9:17-CV-848), it appears that plaintiff currently is being held in pre-trial confinement and has yet to be prosecuted under the indictment; therefore, amendment is futile and unnecessary. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to re-plead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). Although the undersigned does *not* recommend that plaintiff be given an opportunity to amend his complaint in connection with this proceeding, it is recommended that the dismissal be without prejudice, "because the suit may be reinstated should plaintiff's conviction be expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Amaker, 179 F.3d at 52 (quoting Heck, 512 U.S. at 487).

Although the undersigned declines to perform a merits review of plaintiff's complaint as Heck bars this action, it is further noted that three of the defendants

plaintiff seeks to sue are a judge,[5] the New York State Attorney General, and a prosecutor, all of whom may be immune from suit for damages or injunctive relief.[6] However, the undersigned makes no findings on the merits of these claims or whether they may be able to proceed should plaintiff be able to overcome the Heck bar.

### III.  Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's in forma pauperis application (Dkt. No. 2) is granted for purposes of filing; and it is

**RECOMMENDED** that plaintiff's claims injunctive and declaratory relief be **DISMISSED** in their entirety, without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 26 U.S.C. §  1915A(b)(1), for failure to state a claim upon which relief may be granted, and that plaintiff may only renew such action upon demonstrating that the underlying criminal indictment, or, if applicable, conviction, has been overturned or is otherwise invalidated; and it is further

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and

---

[5] See Ceparano v. Southhampton Justice Court, 404 F. Appx .537, 539 (2d Cit. 2011) (summary order) ("A judge defending against a section 1983 suit is entitled to absolute immunity from damages for actions performed in his judicial capacity."); McKnight v. Middleton, 699 F. Supp. 2d 507, 523 (E.D.N.Y. 2010) (observing that the doctrine of absolute judicial immunity shields judicial defendants in both their individual and official capacities); Dory v. Ryan, 25 F.3d 81, 83 (2d Cir.1994) ("[P]rosecutors are absolutely immune from liability under § 1983" in matters involving the prosecution—or failure to prosecute—individuals.").

[6] However, claims requesting *prospective* injunctive relief may not be barred.  See, e.g., Avitible v. Beach, 1:16-CV-1147, __ F. Supp. 3d __, 2017 WL 4325782, at *4 (N.D.N.Y. Sept. 28, 2017) (citation omitted).

Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); F ED. R. C IV. P. 72 & 6(a).

Dated: January 12, 2018
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge